UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL LEWERS,

    Plaintiff,

v.                                             Case No. 8:09-CV-572-T-30TBM

PINELLAS COUNTY JAIL, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a pretrial detainee currently confined at Pinellas County Jail ("PCJ"), Clearwater, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).

Plaintiff names PCJ, PCJ Medical Department, PCJ Psychiatric Department, James Coats, Sheriff of Pinellas County, the Board of County Commissioners for Pinellas County, and Chaplain Iske as defendants in this action. Because Plaintiff is seeking redress from governmental employees and entities, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A.[1] In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint

---

[1] 28 U.S.C. § 1915A(c) states in pertinent part that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of. . . violations of criminal law . . . ." Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees.

1

> in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

The Court finds, for reasons set forth infra, that the complaint should be dismissed with leave to amend prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1).

## Discussion

**Plaintiff's allegations and claims**

Plaintiff's complaint raises several claims. First, it appears to raise a claim of cruel and unusual punishment as a result of being left naked in a cell for three days without toilet paper and without being allowed to shower or brush his teeth. Second, it appears to raise a claim of denial of right to privacy because both male and female guards were able to observe him while he was naked in his cell. Third, the complaint alleges denial of both medical and psychiatric care. Fourth and finally, the complaint alleges a denial of the freedom to express or exercise religious beliefs.

For relief, Plaintiff seeks compensatory and punitive damages, and a transfer to a jail outside the State of Florida.

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

It appears that many of the allegations in Plaintiff's complaint concern unrelated incidents involving different defendants. For example, Plaintiff's complaint begins with an allegation of cruel and unusual punishment involving unknown defendants over an incident beginning on February 13, 2009, where Plaintiff was left naked in a cell for three days (Dkt. 1 at pgs. 6-7). Plaintiff's complaint later discusses denial of medical care involving unnamed medical defendants (Id. at pgs. 7-8).  Finally, Plaintiff's complaint alleges a denial of religious services, apparently by Defendant Iske (Id. at pg. 8).

Fed. R. Civ. P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims

as it has against an opposing party." F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Upon cursory review of Plaintiff's complaint, it appears that Plaintiff states a cognizable claim regarding his allegations of denial of freedom of expression of religion. Plaintiff alleges that Defendant Iske has denied him his right to freely express his religion by denying him a Kosher diet (Dkt. 1 at pgs. 8-9). Plaintiff's allegation that he was denied Kosher meals which are consistent with his purported sincerely held Jewish beliefs, states a valid claim under 42 U.S.C. § 1983 and the First Amendment. *See Turner v. Safley*, 482 U.S. 78 (1987); *Beerheide v. Suthers*, 286 F.3d 1179 (10th Cir. 2002).

**Leave to Amend**

Within 30 days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

4

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief. Plaintiff must limit his allegations in his amended complaint to his claims related to the denial of the freedom to express his religion, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. Plaintiff is cautioned that § 1983 claims predicated on respondeat superior theories have been consistently rejected. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692 (1978); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Plaintiff is further cautioned that to succeed with a § 1983 claim, he must show a violation of a right secured by *federal* law. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. This action shall proceed on Plaintiff's claim for violation of his right to freely express his religion.

2. The remaining claims are dismissed, without prejudice to Plaintiff filing his claims in a new case under a new case number, for violation of F.R.C.P. 18(a).

3. Plaintiff's complaint is **DISMISSED**, without prejudice (Dkt. 1). Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, enter a judgment of dismissal without prejudice of this action.

5. The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with a copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff