# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RUSSELL LEWERS,

    Plaintiff,

v.                                                Case No. 8:09-CV-572-T-30TBM

PINELLAS COUNTY JAIL, et al.,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiff's Amended Complaint dated June 26, 2009 (Dkt. 7), and Plaintiff's Amended Complaint dated July 30, 2009 (Dkt. 9).

**July 30, 2009 Amended Complaint**

On March 26, 2009, Plaintiff filed a civil rights complaint asserting a number of unrelated claims (See Dkt. 1). On June 16, 2009, this Court issued an order dismissing all of Plaintiff's claims, without prejudice, except his claim for violation of his right to freely express his religion, and instructing Plaintiff to file an amended complaint that limited his allegations to his claims related to the denial of the freedom to express his religion (See Dkt. 6). On July 17, 2009, Plaintiff filed an Amended Complaint, dated June 26, 2009, in which he claimed he was denied his right to freely express his religion (Dkt. 7).

However, on August 5, 2009, Plaintiff filed another Amended Complaint, dated July 30, 2009, in which he does not raise a claim of denial of his right to freely express his

1

religion, but instead raises a claim of denial of psychiatric care (Dkt. 9). In the July 30, 2009 Amended Complaint, Plaintiff states "this is an amended complaint to Case #8:09-cv-572-T-30TBM." (Id. at page 2).

Plaintiff's July 30, 2009 Amended Complaint is unauthorized. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party can amend a pleading once as a matter of course before a responsive pleading is filed. Rule 15(a)(2) states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiff filed an Amended Complaint on July 17, 2009 (Dkt. 7). Therefore, his Amended Complaint filed on August 5, 2009, is unauthorized because he did not have the opposing party's written consent or the court's leave to file said Amended Complaint.

To the extent Plaintiff's July 30, 2009 Amended Complaint may be construed as a motion to file an amended complaint, the motion will be denied. In this Court's June 16, 2009 order, Plaintiff was informed that this action will proceed solely on his claim of denial of his right to freely express his religion (See Dkt. 6). Plaintiff was also informed that his other claims, including his claim of denial of psychiatric care, were dismissed without prejudice to Plaintiff filing his claims in a new case with a new case number (Id. at 6). Because Plaintiff's claim that he was denied psychiatric treatment appears to have accrued in 2009, the interests of justice do not demand that Plaintiff be allowed to bring this claim in this action as Plaintiff will not be barred by the applicable four-year statute of limitations from bringing the claim in a separate action.

Accordingly, the Court will strike Plaintiff's July 30, 2009 Amended Complaint as unauthorized.[1]

**June 26, 2009 Amended Complaint**

In his June 26, 2009 Amended Complaint, Plaintiff names Chaplain Iske, James Coats, Sheriff of Pinellas County, the Pinellas County Board of County Commissioners, and Pinellas County Jail as defendants in this action. Because Plaintiff is seeking redress from governmental employees and entities, the Court has undertaken the mandatory screening of his Amended Complaint pursuant to 28 U.S.C. § 1915A.[2] In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

---

[1] Plaintiff should also be aware that he did not raise his claims for denial of right to freely exercise his religion, equal protection, and violation of establishment clause in his July 30, 2009 Amended Complaint. Therefore, if the Court were to proceed in this action with the July 30, 2009 Amended Complaint, Plaintiff would have essentially abandoned those claims.

[2] 28 U.S.C. § 1915A(c) states in pertinent part that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of. . . violations of criminal law . . . ." Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

The Court finds, for reasons set forth *infra*, that the Amended Complaint should be dismissed with leave to amend prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1).

## Discussion

**Plaintiff's allegations and claims**

Plaintiff's Amended Complaint asserts that from February 13, 2009, to the present, Chaplain Iske has refused to give Plaintiff a kosher diet, a Torah, a Tulmud, and "Jew reading materials." (Dkt. 7 at 8). Plaintiff's Amended Complaint also asserts that Chaplain Iske has allowed chaplains to "come into housing areas to preach Christianity and pray Christianity alloud [sic] and hand out all Christian booklets, books, flyers etc." (Id.).

The Amended Complaint also essentially asserts in general terms that Sheriff Coates, the Pinellas County Board of County Commissioners, and the Pinellas County Jail have established policies which favor Christianity and discriminate against Plaintiff's religion, and which violate the Establishment Clause of the First Amendment to the United States Constitution.

For relief, Plaintiff seeks:

$10,000 per day of occurance [sic]. Change to the policies and practices at Pinellas County Jail to be non-religiously descriminatory [sic], to fire Chaplain Iske. To give me a kosher diet, a Torah, a Tulmad, access to Jewish services. Plus whatever the Court awards in punitive damages.

4

(Dkt. 7 at 10).

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint need only give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). With respect to § 1983, the Eleventh Circuit imposes "heightened pleading requirements." *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 836-838 (11th Cir. 2004)(citing *Leatherman v. Tarrant County*, 507 U.S. 163 (1993)). This heightened pleading standard requires a plaintiff to allege

the facts supporting a § 1983 claim with some specificity. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) ("the heightened pleading requirement is the law of this Circuit").

**Claims against Pinellas County Jail**

Plaintiff names the "Pinellas County Jail" as a defendant in this action. "[C]ounty jails are not legal entities amenable to suit." *See, Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also, Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("sheriff's departments and police departments are not usually considered legal entities subject to suit."). Accordingly, Pinellas County Jail will be dismissed from this action.

**Claims against Pinellas County Board of County Commissioners**

A Board of County Commissioners is simply the county's governing body and therefore cannot be sued separately. *Abusaid v. Hillsborough County Bd. of County Comm'rs*, 405 F.3d 1298, 1302 n. 3 (11th Cir. Fla. 2005). Pinellas County is the proper party to this action. *See id.* Accordingly, the Pinellas County Board of County Commissioners will be dismissed from this action.

**Claims against Defendants Iske and Gee**

A. First Amendment free exercise claim

Plaintiff's allegation that pursuant to a policy or custom at the jail, Defendants Iske and Gee have refused to provide him with a Kosher diet, which is consistent with Plaintiff's purported sincerely held Jewish beliefs, states a valid claim under § 1983. *See Turner v. Safley*, 482 U.S. 78 (1987); *Beerheide v. Suthers*, 286 F.3d 1179 (10th Cir. 2002); *DeHart*

6

*v. Horn*, 227 F.3d 47 (3d Cir. 2000); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). Consequently, the Court finds that Plaintiff has adequately stated a First Amendment free exercise of religion claim under the *Twombly* standard against Defendants Iske and Gee.[3]

Plaintiff also alleges that defendants have refused to "give" him a Torah, a Tulmad, and Jewish reading materials (Dkt. 7 at pg. 8). Plaintiff appears to assert an entitlement to free Jewish religious materials. However, the Court is not aware of any constitutional requirement that inmates be provided with religious materials at government expense. *See e.g., Frank v. Terrell*, 858 F.2d 1090 (5th Cir. 1998). *See also Thomas v. Polk County Sheriff's Office*, 2007 U.S. Dist. LEXIS 21130 at *4 (M.D. Fla. Mar. 26, 2007) (jail has no affirmative duty to provide prisoner a large print Bible); *Gittlemacker v. Prasse*, 428 F.2d 1, 4 (1st Cir. 1970) ("The requirement that a state interpose no unreasonable barriers to the free exercise of an inmate's religion cannot be equated with the suggestion that the state has an affirmative duty to provide, furnish, or supply every inmate with a clergyman or religious services of his choice."). Plaintiff does not allege that defendants have prevented him from obtaining Jewish religious materials on his own, or that defendants have refused to allow him access to Jewish religious materials. Plaintiff's claim for free religious materials under the First Amendment lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989).

---

[3]The First Amendment of the U.S. Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." The first clause is called the Establishment Clause and commands a separation of church and state. *Cutter v. Wilkinson*, 544 U.S. 709 (2005). The second clause is called the Free Exercise Clause and "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." *Id*.

7

B. Establishment Clause and Equal Protection claims

The Eleventh Circuit Court of Appeals has stated:

> The Establishment Clause, which applies to the states through the Fourteenth Amendment, provides that the government "shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. Amend. I; *Everson v. Bd. of Educ.*, 330 U.S. 1, 15, 67 S. Court. 504, 511, 91 L. Ed. 711 (1947). "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244, 102 S. Court. 1673, 1683, 72 L. Ed. 2d 33 (1982). "Establishment Clause challenges are not decided by bright-line rules, but on a case-by-case basis with the result turning on the specific facts." *Glassroth*, 335 F.3d at 1288 (citation omitted). "[T]he inquiry calls for line-drawing; no fixed, per se rule can be framed." *Lynch v. Donnelly*, 465 U.S. 668, 678, 104 S. Court. 1355, 1362, 79 L. Ed. 2d 604 (1984).

*Pelphrey v. Cobb County*, 547 F.3d 1263, 1268-69 (11th Cir. 2008). The Establishment Clause "'mandates governmental neutrality between religion and religion, and between religion and nonreligion.'" *McCreary County, Ky. v. ACLU*, 545 U.S. 844, 860 (2005) (quoting *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968)). "The Establishment Clause applies not only to state statutes, but acts and decisions of individual government actors . . ." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1284 (11th Cir. 2004).

In order to plead an equal protection claim, a plaintiff must allege: (1) that he has been treated differently than "similarly situated" inmates, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right. *Sweet v. Sec'y Dep't of Corrections*, 467 F.3d 1311, 1319 (11th Cir. 2006), *cert. denied* 550 U.S. 922 (2007); *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001).

Plaintiff alleges defendants allow daily Christian services and Bible study in the housing areas, and allow chaplains to preach Christianity and pray aloud in the housing areas (Dkt. 7 at pg. 9). In vague and general fashion, Plaintiff also alleges defendants are "bias to Christian practices, liturature [sic], and diet." (Id.).

Although Plaintiff alleges defendants allow Christian services, Bible study, and chaplains to pray aloud and preach Christianity in the housing areas, he does not allege that Jewish prisoners are prohibited from having Jewish services, studying their faith, or praying aloud in the housing areas. Further, he alleges that defendants have refused to "give [him]" a Kosher diet, a Torah, and other religious materials (Dkt. 7 at pg. 8). Plaintiff does not allege, however, that defendants have given a Bible, religious materials, and a special diet to Christian prisoners.

Plaintiff has not alleged sufficient facts showing that defendants are singling out particular religions for preferential treatment. *See Cruz v. Beto*, 405 U.S. 319 (1972). Nor has he alleged sufficient facts showing that he is being treated differently than "similarly situated" inmates based on his religion. Consequently, the Court finds that Plaintiff has failed to state a First Amendment Establishment Clause or an equal protection claim under the *Twombly* standard against Defendants Iske and Gee.

**Leave to Amend**

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form,

the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original or amended complaints by reference. **The second amended complaint supersedes the original and amended complaints, and all claims must be raised in the second amended complaint**.

Plaintiff must limit his allegations in his second amended complaint to his claims related to the denial of the freedom to express his religion, and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. Plaintiff is cautioned that § 1983 claims predicated on respondeat superior theories have been consistently rejected. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-692 (1978); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Plaintiff is further cautioned that to succeed with a § 1983 claim, he must show a violation of a right secured by *federal* law. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Amended Complaint, dated July 30, 2009 (Dkt. 9), is **STRICKEN** as unauthorized. The **Clerk** shall return Plaintiff's July 30, 2009 Amended Complaint, keeping a copy for the Court file, to Plaintiff with his copy of this Order.

2. Plaintiff's Amended Complaint (Dkt. 7) is **DISMISSED** without prejudice. Plaintiff has **thirty (30) days** from the date of this Order to file a second amended complaint in compliance with this Order.

3. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court shall, without further notice, dismiss this action.

4. The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with a copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on September 18, 2009.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff