## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RONALD WARREN LEWERS, also known as RUSSELL WARREN LEWERS,

    Plaintiff,

v.                                          Case No:  8:09-cv-572-T-30TBM

PINELLAS COUNTY JAIL, et al.,

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Petition for Refund of Civil Court Fees/Costs (Doc. 14).  As previously explained by the Court, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, and he was granted *in forma pauperis* status to the extent that he was not required to *prepay* the entire filing fee.  (Doc. 4).  Instead, Plaintiff was assessed the filing fee of $350, which was to be paid out of his prison account at the rate of twenty percent of the preceding month's income credited to the account.  (Doc. 4).  As of January 26, 2015, Plaintiff satisfied his obligation to pay the $350 filing fee through payments made from his prison account.  Plaintiff previously requested that the Court refund the filing fee, and the Court denied his request as he presented no valid reason for the refund.  (Docs. 12, 13).

Plaintiff now renews his request for a refund of the $350 filing fee arguing that the Florida Model Jail Standards only permit deductions from his prison account on a civil lien for three years and that three years have elapsed since he was assessed the filing fee. Plaintiff's argument is without merit. The standard on which Plaintiff relies, Standard 2.15, authorizes the Chief Correctional Officer at a detention facility to direct a prisoner to pay for all or a fair portion of the prisoner's subsistence costs.[1]  Specifically, Standard 2.15(f) provides:

> If the prisoner's cash account at the local detention facility does not contain sufficient funds to cover subsistence costs, the Chief Correctional Officer may place a civil restitution lien against the prisoner's cash account or other personal property. A civil restitution lien may continue for a period of 3 years and applies to the cash account of any prisoner who is re-incarcerated within the county in which the civil restitution lien was originated.

This standard governs the payment of subsistence costs and any civil liens placed against a prisoner's account on such a basis. It does not govern other types of payments that may be assessed against a prisoner's account. Thus, Plaintiff's reliance on Standard 2.15(f) is misplaced.

Because Plaintiff has not presented a meritorious reason for the refund of the $350 filing fee, his motion should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Petition for Refund of Civil Court Fees/Costs (Doc. 14) is DENIED.

---

[1] Standard 2.15 tracks the language of Florida Statute § 951.033.

    2.    Plaintiff's request for an evidentiary hearing is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of August, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\09-572 Lewers v. Pinellas Cnty. Jail.Mot. for Refund.docx